IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

METROPOLITAN LIFE INSURANCE COMPANY,
a New York corporation,

       Plaintiff,

vs.                                                 Civ. No. 01-205 JP/WWD ACE

THE HARTFORD FINANCIAL SERVICES GROUP,
INC., f/k/a ITT HARTFORD GROUP, INC., and
HARTFORD FIRE INSURANCE COMPANY,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's [hereinafter "Metropolitan"] Motion for Protective Order Dated October 9, 2001 RE: Depositions of Thomas Ross, Kent Walters and Darrell Smith [docket no 34].

## ***BACKGROUND***

Metropolitan has brought suit against Defendants [hereinafter "Hartford"] in an attempt to collect fire insurance proceeds on a piece of property mortgaged to Metropolitan and insured by Hartford. There are questions about insurance coverage, the legitimacy of the loan, and certain activities of John Stratman, the Metropolitan manager who had recommended the loan initially. These questions gave rise to an internal investigation in Metropolitan by two Met Life internal auditors, Thomas Ross and Kent Walters. Ross and Walters prepared a report which was marked "Privileged and Confidential, Prepared at Counsel's Request, Do Not Copy or Distribute".

Metropolitan contends that the only reason for taking the depositions of Messrs. Walters and Ross would be to obtain testimony from them regarding the results of their investigation, which Metropolitan contends is protected by the work product privilege.  A second report was also prepared, and neither report addressed the fire loss or the insurance claim that is part of this litigation; rather, the investigation dealt with Metropolitan's loan to Mr. and Mrs. Larry Paul, and the activities of the Metropolitan regional manager, John Stratman.  Metropolitan contends that the facts relating to the relationship between Stratman and the Pauls "can be determined from the loan documents already produced or from depositions of witnesses whose identities are readily discernible from those documents, including John Stratman."  Metropolitan also claims that Hartford has failed to show such circumstances as would warrant disclosure of the matters aforementioned which are claimed to be work product.  Metropolitan seeks to block the taking of the deposition of Darrell Smith for the reason that Smith was unavailable on the date scheduled and additionally that his connection with any relevant matters in this lawsuit was indirect or remote.  Metropolitan also contends that the taking of Smith's deposition would be wasteful and duplicative.

Hartford theorizes that Metropolitan knew, but did not disclose to Hartford, that its mortgage on the insured property had been fraudulently obtained, that the liability of the insured property had been misrepresented to Hartford; and that arson by the insureds "was therefore a likely cause of the fire."  Hartford also contends that the policy may have been voided because of Metropolitan's failure to notify Hartford of a substantial change in the insured risk.  Hartford contends that its counterclaim against Metropolitan "turns on the issue of what MetLife knew and when MetLife knew it."

## *CONCLUSION*

Both parties suggest that the Court conduct an *in camera* inspection of the reports prepared by Messrs. Walters and Ross, and I find that such a course of action by the Court should be followed. I am not persuaded that the Court should block the taking of Darrell Smith's deposition; however, it might be desirable to postpone the taking of his deposition until the question of the depositions of Walters and Ross is determined.

**WHEREFORE,**

**IT IS ORDERED** that on or before November 26, 2001, Defendants shall deliver to the undersigned, for an *in camera* inspection, copies of the initial and supplemental reports prepared by Kent Walters and Thomas Ross in connection with the internal investigation they conducted for Plaintiff.

**IT IS FURTHER ORDERED** that the depositions of Kent Walters, Thomas Ross, and Darrell Smith shall be deferred until further order of the Court.

UNITED STATES MAGISTRATE JUDGE